UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,                        MEMORANDUM AND ORDER

   -against-                                      CV 12-5325 (LDW) (ETB)

MEDLINK INTERNATIONAL, INC., *et al.*,

                        Defendants.
----------------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Securities and Exchange Commission ("SEC") brought this action against MedLink International, Inc. ("MedLink"), Aurelio Vuono a/k/a Ray Vuono ("Vuono"), and James Rose a/k/a Jameson Rose. Upon defendants' failure to respond to the complaint, the Court granted the SEC's motion for a default judgment and entered a final judgment in May 2013. Before the Court is Vuono's motion to vacate the default judgment.[1]

I. BACKGROUND

      The relevant background can be summarized as follows. The SEC began a year-long investigation of defendants in or about 2012 after MedLink allegedly filed a materially false and misleading 10-K with the SEC. At some point during the investigation, defendants were represented by Joel Schneider, Esq. ("Schneider") of Somer & Schneider, LLP. Vuono appeared twice for investigative testimony. On or about June 5, 2012, the SEC provided Vuono with a "Wells Letter" notifying him that the SEC staff intended to recommend an enforcement action against him. By letter dated June 21, 2012, Schneider responded on Vuono's behalf, conceding

---

[1] Vuono purports to bring this motion on MedLink's behalf as well. However, Vuono is not permitted to represent the corporate defendant in this action.

2

that Vuono acted "improperly" regarding certain MedLink filings.

As the SEC explains, Vuono explicitly advised the SEC in writing at least three times that he was represented by Schneider. The SEC communicated with Schneider by telephone, mail, and email, with Schneider indicating that he would attempt to settle the matter on Vuono's behalf. However, the parties were unable to reach a settlement, purportedly due to Vuono's failure to appear at a meeting to discuss the terms of a proposed settlement.

Trading in MedLink securities was suspended on October 24, 2012, and the SEC informed Schneider that the instant action was going to be filed that same day. Thereafter, on November 8, 2012, the SEC sent Vuono, via UPS and email, a packet of materials relating to waiver of service, including copies of the complaint, waiver of service letters, and court rules. On November 16, 2012, Schneider submitted to the SEC a proposed settlement. The SEC rejected the proposed settlement.

Between the end of November 2012 and January 2013, the SEC attempted to contact Schneider multiple times without success. On December 5, 2012, the SEC mailed and emailed Vuono the Court's Scheduling Order in this action, stating that the SEC had not heard from Schneider and reminding Vuono of the packet of materials previously sent to him. Vuono responded to the December 5 letter by an email, stating: "I am represented by Joel Schneider," and adding that he had forwarded the SEC's email to Schneider. Vuono did not execute and return the waiver of service that had been sent to him in early November. Consequently, the SEC sought to serve Vuono through a professional process server. However, the process server was unable to locate Vuono.

Between December 5, 2012 and January 4, 2013, the SEC attempted to contact Schneider,

but received no response.  On January 4, 2013, the SEC emailed Vuono to inform him of its repeated and unsuccessful attempts to contact Schneider.  The SEC advised Vuono that it assumed that Schneider no longer represented him in the matter.  Vuono responded, by email, that he was represented by, and would reach out to, Schneider.  The SEC responded that Schneider had failed to advise the SEC whether he was authorized to accept service for Vuono.  Vuono replied that he had spoken to Schneider, and that he, Vuono, was looking to settle the matter.

On January 8, 2013, the SEC called Schneider and asked him if he was authorized to accept service for Vuono and MedLink.  Schneider replied that he would seek permission to accept service on Vuono's behalf.  By email dated January 10, 2013, Schneider informed the SEC that he was authorized to accept service on Vuono's behalf, advising the SEC to "feel free to serve me whenever it is convenient."  Declaration of James K. Hanson in Opposition to Defendant Aurelio Vuono's Motion to Vacate Default Judgment ¶ 13.  The SEC called Schneider that same day to confirm that he was authorized to accept service for MedLink and Vuono.  Schneider confirmed that he was authorized to accept service for both.  Subsequently, the SEC served Schneider with the summons and complaint by UPS and email.

On February 13, 2013, the SEC notified Schneider that defendants' responses to the complaint were overdue and that it intended to seek a default judgment if defendants did not respond to the complaint by February 27, 2013.  Thereafter, on May 3, 2013, after defendants failed to respond to the complaint, the SEC electronically filed its motion for a default judgment.  The SEC also mailed and emailed those papers to Schneider and Vuono.  On May 15, 2013, the SEC emailed a copy of the proposed final judgment to Schneider, Vuono, and the co-defendants.

Vuono personally responded to that email, stating that he would appear and defend himself *pro se*. Nevertheless, Vuono failed to appear during the pendency of the motion for a default judgment.

On May 21, 2013, the Court granted the SEC's motion for a default judgment and entered a final judgment on May 23, 2013. The SEC sent notice of the order granting the motion for a default judgment and the final judgment to all defendants.

Thereafter, on June 28, 2013, Vuono filed the present motion to vacate the default judgment entered against him, claiming that he was never served in this action and that he has a meritorious defense to the SEC's claims. The SEC opposes the motion, claiming Vuono's default was willful, that vacating the default judgment would prejudice the SEC, and that Vuono fails to present a meritorious defense. The SEC alleged in the complaint that on April 25, 2011, MedLink filed a materially false and misleading 10-K with the SEC because it included the electronic signature of MedLink's auditor, even though the auditor had not completed its audit of MedLink. Complaint ¶¶ 1-5. In addition, the SEC alleged that in approximately April 2011, Vuono solicited a MedLink investor to invest in a private placement of MedLink stock and defrauded that investor and failed to refund that investor's money. *Id.* ¶ 6.

## II.  DISCUSSION

A party may be relieved of a default judgment under FRCP 60(b) upon the Court's consideration of the following three factors:  (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995).

As an initial matter, to the extent that Vuono claims that he was not served in this action, his claim is belied by the record, including his own explicit representations to the SEC that he was represented by Schneider and that Schneider was authorized to accept service of the summons and complaint on his behalf.

As for whether Vuono's default was willful, the SEC must show more than mere negligence or carelessness. Rather, as the Second Circuit has held, a default may be deemed willful where the conduct of the defendant was "egregious and was not satisfactorily explained." *See, e.g.*, *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (failure to file an answer after repeated warnings from the SEC that it intended to seek a default was deemed to be willful). As the record shows, the SEC notified Vuono's attorney in writing on February 13, 2013 that defendants' responses to the complaint were overdue, and that the SEC intended to move for a default judgment by February 27, 2013. Despite his awareness of this action and the SEC's intent to file, and the eventual filing of, a motion for a default judgment, Vuono did not respond to the complaint or to the motion. Accordingly, the Court finds that Vuono's default was willful.

As for presenting a meritorious defense, the movant may not rely on mere conclusory or unsupported denials of the claim. While the movant need not establish the defense conclusively, the movant must "present evidence of facts that 'if proven at trial, would constitute a complete defense.'" *McNulty*, 137 F.3d at 740 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)). As the SEC argues, Vuono makes mere general denials without supporting, relevant facts. As for defrauding the investor, Vuono provides certain copies of stock purchase agreements between the investor and MedLink. However, these documents do not demonstrate a basis for a defense. As for MedLink's filing of a false and misleading 10-K statement, Vuono

likewise does not proffer evidence sufficient for a defense.  Rather, he misstates applicable law and raises irrelevant points.  Accordingly, because Vuono has not presented evidence of facts that would constitute a complete defense if proven at trial, he fails to present a meritorious defense.

Given that Vuono's default was willful and that he presents no meritorious defense, the Court need not determine whether setting aside the default judgment would prejudice the SEC.  *See id.* at 738 ("An absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment. . . .  [T]he district court . . . has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense.").

### III.  CONCLUSION

For the above reasons, Vuono's motion to vacate the default judgment is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       November 25, 2013